**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS**

| | |
|---|---|
| **GREATER NEW HOPE** § <br> **MISSIONARY BAPTIST CHURCH,** § <br> **DICKINSON, TEXAS,** § <br> *Plaintiff*, § <br> § <br> **v.** § <br> § <br> **WRIGHT NATIONAL FLOOD** § <br> **INSURANCE COMPANY,** § <br> *Defendant*. § | **CIVIL ACTION NO. 3:18-cv-00395** |

## CIVIL ACTION ORIGINAL COMPLAINT

Plaintiff, Greater New Hope Missionary Baptist Church, Dickinson, Texas ("Plaintiff"), by its attorney, Mostyn Law, complaining against the defendant, Wright National Flood Insurance Company ("Defendant" or "Wright"), alleges the following upon information and belief:

1. Plaintiff Greater New Hope Missionary Baptist Church, Dickinson, Texas is a nonprofit corporation and church located in this judicial district. Its property and contents, located at the address shown below, were insured against flood damages by Defendant:

| Insured(s) | Street Address | City | State | Zip | Policy No. |
|---|---|---|---|---|---|
| Greater New Hope Missionary Baptist Church, Dickinson, Texas | 2107 Avenue H | Dickinson | TX | 77539 | 421150987535 |

2. Defendant Wright National Flood Insurance Company was and is a private insurance company incorporated under the laws of Texas, doing business in Texas, with its principal place of business located at 801 94th Avenue North, Saint Petersburg, Florida 33702.

3. Wright is a "Write Your Own" ("WYO") carrier participating in the National Flood Insurance Program pursuant to the National Flood Insurance Act ("NFIA"), as amended

42 U.S.C. § 4001. Wright issued a Standard Flood Insurance Policy in its own name, as a fiscal agent of the United States, to Plaintiff ("the Policy"). Pursuant to 44 C.F.R. Section 62.23(d) and (i)(6), Wright was and is responsible for arranging the adjustment, settlement, payment, and defense of all claims arising under the Policy.

## JURISDICTION

4. This action arises under the NFIA, Federal regulations, common law, and the flood insurance Policy that Wright procured for and issued to Plaintiff in its capacity as a WYO carrier under the Act. The Policy covered losses to Plaintiff's property and contents located in this judicial district.

5. Federal Courts have exclusive jurisdiction pursuant to 42 U.S.C. § 4072 over all disputed claims under an NFIA Policy, without regard to the amount in controversy, whether brought against the government or a WYO company.

6. This Court has original exclusive jurisdiction to hear this action pursuant 42 U.S.C. § 4072 because the insured property is located in this judicial district.

7. This Court also has original jurisdiction pursuant to 28 U.S.C. § 1331 because this action requires the application of federal statutes and regulations and involves substantial questions of federal law.

## VENUE

8. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 and 42 U.S.C. § 4072 because it is where Plaintiff's property is located and where a substantial part of the events at issue took place.

**FACTUAL BACKGROUND**

9. Wright issued the Policy to Plaintiff to insure its property and contents located at the above address against physical damage by or from flood. The Policy was in full force and effect on the date of the incident referred to herein and Plaintiff paid all premiums when due.

10. On or about August 28, 2017, Plaintiff's property sustained significant damage as a result of the forces of Hurricane Harvey ("the Storm"). Harvey was the nation's first major hurricane landfall since Hurricane Wilma struck South Florida in October 2005—that is, the strongest one in twelve (12) years. Rain was the heaviest from any tropical cyclone in the continental United States. Harvey's slow-moving path across Southeast Texas, including Dickinson, caused extensive rain and flooding.

11. As a result of the Storm, Plaintiff suffered losses by and from flood to the insured property. For example, Plaintiff's property sustained extensive damages including, but not limited to the flooring, walls, and insulation. Plaintiff has incurred and/or will incur significant expenses to repair and replace the flood-damaged property.

12. Plaintiff reported the damage and properly submitted a claim to Wright. Wright and/or its agents conducted inspections of Plaintiff's damaged property. Subsequently, Wright underpaid Plaintiff and failed to pay for all of the damages to its property. Plaintiff duly performed and fully complied with all of the conditions of the Policy.

13. Wright unjustifiably failed and/or refused to perform its obligations under the Policy and wrongfully underpaid Plaintiff's claim and failed to pay for all of Plaintiff's. Wright has unfairly and improperly persisted in underpaying the claim and in failing to pay for all of Plaintiff's damages.

## CLAIM FOR RELIEF

### BREACH OF CONTRACT

14. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth in the paragraphs above as if fully set forth herein.

15. Plaintiff and Wright entered into a contract when Plaintiff purchased and Wright issued the Policy.

16. The Policy, at all times relevant and material to this case, provided flood insurance coverage to Plaintiff for, among other things, physical damage caused by flood to Plaintiff's property located at the address described above.

17. Plaintiff fully performed under the contract by paying all premiums when due and cooperating with Wright regarding Plaintiff's claims. Plaintiff complied with all conditions precedent to Plaintiff's recovery herein, including appropriate and adequate demands, or Wright waived or excused such conditions precedent.

18. Wright failed to perform and materially breached the insurance contract when it wrongfully underpaid and failed to pay for all of Plaintiff's claim for damages the Storm caused to property that the Policy covered. Wright also breached the contract by failing to perform other obligations it owed under the Policy.

19. By wrongfully underpaying Plaintiff and not paying Plaintiff for all of its damages, Wright has breached the duties of good faith and fair dealing owed to Plaintiff, and to the public at large. In addition, Wright breached or will breach its duty to deal fairly and in good faith by other acts and omissions of which Plaintiff is presently unaware. Wright's duty of good faith and fair dealing continues during the pendency of this case. Plaintiff reserves the right to seek leave of the Court to amend this Complaint at such time as they may ascertain other acts and omissions actionable as breaches of the duty of good faith and fair dealing.

20. By virtue of its various breaches of contract, including its failure to fully reimburse Plaintiff for the covered losses, Wright is liable to and owes Plaintiff for the actual damages Plaintiff sustained as a foreseeable and direct result of the breach, all costs associated with recovering, repairing and/or replacing the covered property, together with all other damages Plaintiff may prove as allowed by law.

## **PRAYER**

WHEREFORE, the Plaintiff named herein respectfully requests that the Court enter judgment in Plaintiff's favor for such amount as Plaintiff may prove at trial, and other and further relief the Court may deem just and proper.

Dated: November 15, 2018

Respectfully submitted,

**MOSTYN LAW**

 */s/ Michael A. Downey*
Michael A. Downey
State Bar No. 24087445
SDOT No. 2331207
3810 West Alabama Street
Houston, Texas 77027
Telephone (713) 714-0000
Facsimile (713) 714-1111
maddocketefile@mostynlaw.com

**ATTORNEY-IN-CHARGE FOR PLAINTIFF**